IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CALEB JOSHUA ROGERS,

                Plaintiff,

v.

SCOTT A. RELITZ, DEBORAH RELITZ, and DENNIS G. RILEY,

                Defendants.

OPINION and ORDER

22-cv-730-wmc and
22-cv-749-wmc[1]

---

In case no. 22-cv-730, pro se plaintiff Caleb Joshua Rogers alleges that he is embroiled in a conflict with other members of the American Legion Post 279 in Marshall, Wisconsin, which led them to call the police on Rogers and obtain a temporary restraining order against him. Rogers filed a highly similar amended complaint in 22-cv-749, a case that was transferred here from the Eastern District of Wisconsin.

Because Rogers proceeds in forma pauperis in 22-cv-730, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Rogers's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Because Rogers has failed to state a claim upon which relief may be granted, I will not allow Rogers to proceed in 22-cv-730. And, because Rogers's amended complaint in 22-cv-749

---

[1] I am exercising jurisdiction over these cases solely for screening purposes.

is essentially the same as the complaint in 22-cv-730, I will not allow Rogers to proceed in 22-cv-749 for the same reasons. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

BACKGROUND

In the Eastern District of Wisconsin, Rogers filed a complaint that, like his complaint in 22-cv-730, related "to events that occurred at several meetings of American Legion Post #279." *See Rogers v. Relitz*, No. 22-CV-1223-PP, 2022 WL 17082035, at *1 (E.D. Wis. Nov. 18, 2022). Rogers paid the filing fee in that action. *Id.* The court determined that Rogers failed to state a claim because: (1) American Legion and its members or employees were not governmental actors for the purposes of a federal civil rights claim; (2) Rogers had no private right of action to sue for violations of federal criminal statutes; and (3) Rogers's allegations failed to satisfy the pleading standards in Rule 8(a)(2), preventing the court form identifying a claim on which it could grant relief. *See id.* at *2–4. The court also concluded that it lacked diversity jurisdiction over the case and determined that venue was proper in this district. *See id.* at *4–5. The court allowed Rogers to file an amended complaint to fix these problems. *See id.* at *5.

Rogers filed his amended complaint on December 22, 2022. The Eastern District transferred that case here, and it was assigned case number 22-cv-749. Meanwhile, on December 21, 2022, Rogers filed a complaint in 22-cv-730. The complaint in 22-cv-749 is identical to the complaint in 22-cv-730, apart from the fact that the complaint in 22-cv-730 contains extra allegations.

ALLEGATIONS OF FACT

The complaint suggests that Rogers and defendants Scott A. Relitz, Deborah Relitz, and Dennis G. Riley are members or employees of the American Legion. Whether they are employees or members is immaterial to screening the complaint, so I will call them members for simplicity. The thrust of the complaint is that Rogers had a series of disputes with defendants and other American Legion members over various procedural matters.

"Historical documents" turned up missing from a lock box at a bank. The bank manager became evasive when confronted about the removal and concealment of the historical documents. At a Dane County Council meeting, Rogers informed nondefendant K. Lovell about the "illegitimate handling and removal" of the historical documents. Lovell advised him to retain a lawyer. During an American Legion meeting, Scott Relitz was "assertive and boisterous" and the issue of the missing documents caused "exasperating tensions."

Rogers, V. Rogers (Rogers's brother), Riley, and nondefendant G. Scallissi needed to work together during an American Legion meeting. But there was an "unexpected coup" and an "illegal transfer of keys, property, records, etc."

At an American Legion training forum, V. Rogers told Scott Relitz that "his subordinate position needed appropriate verification of Veteran's credential[s] to hold office," relying on a document that Riley prepared. Scott Relitz insisted that his actions were legal and jabbed V. Rogers in the chest. Riley said that everyone would testify that Scott Relitz did not assault V. Rogers. Scott Relitz had Riley call the police. The police removed Rogers and V. Rogers from the forum, stating that they were "being disorderly." Rogers felt that he and V. Rogers were defamed as "PTSD vets."

At a Dane County Council meeting, Scallissi prevented Rogers from submitting a request related to a "P.O.W./M.I.A." agenda item and for "official recording to the minutes." Before this meeting, Rogers told Scallissi that nondefendant Brad Burt could not be there, showed Scallissi the "corroborating documentation," and informed Scallissi about Rogers's Native American heritage. Apparently, someone's "M.I.A." status was not recognized.

Before a March 2022 American Legion meeting, Rogers and V. Rogers received expulsion papers. The documents were formatted as if they were civil charges to intimidate Rogers and V. Rogers, which allegedly violated Rogers's First Amendment rights. In the same month, a Dane County Deputy Sheriff served Rogers with a temporary restraining order from Scott Relitz, who allegedly did this to stop Rogers from participating in a Dane County Council meeting involving Burt's report on "P.O.W./M.I.A. activities."

In June 2022, Rogers attempted to "serve recommended, preferred" criminal charges on Scott Relitz. Deborah Relitz told Scott Relitz not to sign the alleged criminal charges and to call the police. Rogers "was arrested under extra-judicial bias of law enforcement, per an E-mail received by Chief Nault of [the] Marshall Police" sent from "Assistant District Attorney John Rice." Rogers was charged with violating a temporary restraining order even though, according to Rogers, he was no longer under one.

Rogers's other allegations are difficult to discern. For instance, Rogers alleges that Scott Relitz "failed to comply with encouraging and unqualified service, or counselling [sic], regarding Successor in Interest to Treaty with Spain and England." Rogers adds that defendants' actions have jeopardized his "potential eligibility for membership in the American Legion" and violated the First, Second, and Ninth Amendments. Rogers seeks damages.

ANALYSIS

**A. Governmental action**

There is a governmental action requirement for civil actions asserting constitutional violations. *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542, 107 (1987) ("The fundamental inquiry is whether the [defendant] is a governmental actor to whom the prohibitions of the Constitution apply."); *Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir. 1984) (stating that "governmental action" is necessary for liability under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 288 (1971)). To be liable under § 1983, defendants must have acted "under color of state law" to deprive Rogers "of some federally guaranteed right." *See Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010). Action is taken under color of state law "when it involves a misuse of power . . . made possible only because the wrongdoer is clothed with the authority of state law." *See id.* By comparison, *Bivens* recognized a private action for damages against federal officers that violate certain constitutional rights. *See Ziglar v. Abbasi*, 582 U.S. 120, 130–31 (2017). A private citizen may be liable under § 1983 if he conspires with a public employee to deprive the plaintiff of her constitutional rights. *Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002). I will assume for screening purposes that "if there is a sufficient allegation of conspiracy between a federal actor and private individuals, then a plaintiff may maintain a *Bivens* action against a private party." *See Szeklinski v. Neary*, No. 07-C-222, 2007 WL 777539, at *1 (E.D. Wis. Mar. 12, 2007). "A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided." *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007).

Rogers's allegations do not suggest that defendants, members or employees of the American Legion, are governmental actors. As the Eastern District of Wisconsin determined in dismissing Rogers's complaint: "The American Legion is not a state entity. Its employees (or members) are not state actors; they are private citizens." *Rogers*, 2022 WL 17082035, at *3. That the American Legion "is a federally chartered corporation" does not make its employees federal employees for *Bivens* purposes. *See* 36 U.S.C. § 21701; *see also Rogers*, 2022 WL 17082035, at *3; *Wright v. Am. Legion Dep't of Okla., Inc.*, 549 F. Supp. 3d 1301, 1307 (N.D. Okla. 2021).

Rogers does not allege, and his allegations do not suggest, that any defendant conspired with any governmental actor. Rogers simply alleges defendants called the police on him two times, which led to the service of a temporary restraining order and the institution of criminal charges. These allegations do not suggest that defendants reached a "meeting of the minds" with any state actor to violate Rogers's constitutional rights. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 (1970); *see also Proffitt v. Ridgway*, 279 F.3d 503, 508 (7th Cir. 2002) ("A private citizen does not become a policeman by complaining to a policeman[.]"); *Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975) ("[T]he . . . complainants and witnesses in [an] action which itself was prosecuted under color of law [were still] private persons not acting under color of law."). Although Rogers alleges that he was arrested "under-judicial bias of law enforcement," this allegation is too conclusory to support a conspiracy claim. *See Twombly*, 550 U.S. at 556–57; *Bowman*, 980 F.2d at 1107.

I will not allow Rogers to proceed on his constitutional claims because his allegations fail to suggest that defendants are governmental actors for purposes of § 1983 or *Bivens*.

B. **Federal criminal statutes**

I will not allow Rogers to proceed on his claims alleging violations of various federal criminal statutes because these statutes do not create a private right of action for damages. *See Rogers*, 2022 WL 17082035, at *2; *Gardner v. Harvard Univ.*, No. 21-CV-503-WMC, 2023 WL 2163083, at *5 (W.D. Wis. Feb. 22, 2023) ("Gardner does not have a private right of action to sue in federal court for violations of federal criminal statutes, and I cannot initiate federal criminal proceedings.").

C. **Legality of arrest and prosecution**

Rogers contends that he was arrested "under extra-judicial bias" after prosecutor John Rice emailed Chief Nault. Rogers adds that he was charged with violating a temporary restraining order even though he was no longer under one. I will not allow Rogers to proceed against Rice or Nault because he did not list them as defendants in the complaint's caption. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). In any case, without more allegations explaining how Rice or Nault was biased against Rogers, this allegation is insufficient to state a § 1983 claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If Rogers is alleging that Nault violated his civil rights by initiating a criminal prosecution, prosecutorial immunity would bar this claim. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution . . . , the prosecutor is immune from a civil suit for damages under s 1983.").

D. **Defamation**

I decline to exercise jurisdiction over Rogers's defamation claim because I have not allowed him to proceed on any federal claims. *See Wright v. Associated Ins. Companies Inc.*, 29

F.3d 1244, 1251 (7th Cir. 1994) (courts usually decline to exercise supplemental jurisdiction over "pendent state-law claims" if "all federal claims are dismissed before trial").[2]

### E. Conclusion

I will not grant Rogers leave to amend his claims against defendants. The Eastern District of Wisconsin gave Rogers a chance to correct their problems. Rogers filed this case and a nearly identical amended complaint in 22-cv-749. These pleadings are essentially the same as the complaint that the Eastern District of Wisconsin dismissed and fail to fix its flaws, which appear irremediable. *See Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.*, 741 F.3d 769, 777 (7th Cir. 2013) ("[D]istrict courts have broad discretion to deny leave to amend where the amendment would be futile.").

It is conceivable that Rogers could state a viable constitutional claim against Rice or Nault based on his allegation that he was arrested "under extra-judicial bias." But Rogers has filed three complaints between this case and 22-cv-749 and has not named Rice or Nault as a defendant in any of them. There is no indication that Rogers wishes to proceed against these individuals. If he did, Rogers's pending criminal prosecution for violating a temporary restraining order would preclude the court from adjudicating the claims until the conclusion of that proceeding, which would include any direct appeal. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971). So it would be useless for me to grant Rogers leave to amend his complaint to attempt to state a claim against Rice or Nault. That said, I will dismiss Rogers's allegations against Rice and Nault without prejudice, though without leave to amend. In that way, Rogers

---

[2] I agree with the Eastern District of Wisconsin that there is no basis for diversity jurisdiction. *See Rogers*, 2022 WL 17082035, at *4.

would be able to file a new civil rights lawsuit based on these allegations at the conclusion of his criminal case.

ORDER

IT IS ORDERED that:

1. Plaintiff Caleb Joshua Rogers's complaint in 22-cv-730, Dkt. 1, and plaintiff's amended complaint, Dkt. 3, in 22-cv-749 are DISMISSED, with the result that plaintiff's federal claims against defendants are DISMISSED with prejudice.

2. Plaintiff's defamation claim is DISMISSED without prejudice because the court declines to exercise supplemental jurisdiction.

3. Plaintiff's allegations that John Rice and Chief Nault arrested him with extra-judicial bias, and that he was charged with violating a temporary restraining order even though he was no longer under one, are DISMISSED without prejudice but without leave to amend.

4. The clerk is directed to enter judgment and send plaintiff copies of this order and the judgments in 22-cv-730 and 22-cv-749.

Entered April 4, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge